No. 1067.

STATE OF LOUISIANA VS. BARNEY THOMPSON.

| 32 | 879 |
| 48 | 1456 |
| 32 | 879 |
| 50 | 1105 |
| 32 | 879 |
| 52 | 64 |

HELD, that the omission of the Clerk of the District Court to take the special oath required of him by law, as a member of the jury Commission of the Parish, vitiated the drawing of the jury who tried and convicted the accused; and that, therefore, the verdict and judgment are null and void. The Decision in the case of the State vs. John Williams, 30 An. 1028, affirmed.

APPEAL from the Twenty-First Judicial District Court, parish of Iberia. *Fontelieu, J.*

---

W. B. Merchant, District Attorney, for the State, Appellee.

Jos. A Breaux and Wm. F. Schwing for Defendant and Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J. Barney Thompson, who has been indicted for murder, convicted of manslaughter, and sentenced to hard labor in the Penitentiary for three years, appeals from the judgment of the Court, and complains of the following irregularities committed in the course of his trial:

First. That the venire of jurors from which were drawn the grand jury who found the indictment against him, and the petit jury who convicted him, had been irregularly drawn.

Second. That the judge erred to his prejudice in one of his charges to the jury.

He alleges the following errors in the drawing of the venire:

1. That the clerk of the court had not taken the oath required by law, as member of the jury commission.

2. Two of the members of the commission had not been appointed by the judge of the district; only one of its members had been legally appointed by the judge.

3. The venire for the term was illegally taken from the list of three hundred selected for terms previous to 1880.

The record shows that before the impaneling of the grand jury on the first day of the term the accused had moved to set aside the whole venire of jurors on the grounds herein above enumerated, and that his motion had been overruled ; and it also appears from the record that the present clerk of the district court of Iberia was qualified as such on the 15th of April, 1880, but that he had not taken the oath required by section 3 of Act No. 44 of the Legislature, approved March 8th, 1877, and which is in substance as follows : " The several district judges throughout the State shall select four discreet citizens, who, with the ·clerk of the district court, shall constitute a jury commission for each parish, etc., and *before entering* upon the discharge of their duties, *each* member of the commission shall take an oath faithfully to discharge the duties imposed upon him by this act."

That the clerk of the court is imperatively required, under pain of nullity of all the proceedings of the jury commission, to take the special oath prescribed by that section of the law, is no longer an open question, but has been directly adjudicated in the case of the State vs. John Williams, reported in 30 A. 1028.

Judge DeBlanc, as the organ of the Court, said : " The clerk who assisted in the drawing of the jury by whom the prisoner was indicted and tried, had not, when he assisted, taken the oath prescribed by the ·act of 1877. The presiding judge held that he would judicially notice that the clerk was a sworn officer. That was not sufficient, for the law expressly declares *that he is a member* of the jury commission, and not only that the four citizens shall be sworn, but that *each* member of that ·commission shall take an oath, the very terms of which are specified in the act. When must each of those commissioners take that oath ? *Before entering* upon the discharge of their duty as such. This the clerk did not do ; he did not qualify as a jury commissioner, and that omission did vitiate the drawing of the jury by whom the accused was indicted and tried."

As properly stated by the Court in the case quoted, the clerk is the most important member of the jury commission, and performs the acts which are of the essence of the proceedings ; and it follows that his want of qualification to act as a member of the commission taints their whole proceedings with absolute nullity. Considering the reasoning of the Court as clear, correct, and decisive of the very point at issue in this ·case, we conclude that the omission of the clerk of the district court of Iberia to take the special oath required of him by law as a member of the jury commission of that parish, vitiates the drawing of the jury who

tried and convicted the accused, and that the verdict and judgment are nullities.

This conclusion obviates the necessity of reviewing the other grounds of error urged by the accused.

Before disposing of this case, we are reluctantly compelled to direct the attention of the clerk of the district court to another omission in his official duties, by not completing the index of the transcript in this case ; and to his utter disregard of our rules, in two other transcripts which have come before us at this term and place, in which the handwriting was almost illegible, by reason of a peculiar style of writing, almost impossible to follow, and causing a painful stress on the eye.

The production of such a transcript cannot be considered a compliance with our rules.

For the reasons herein above assigned it is ordered, adjudged, and decreed that the indictment found in the district court of Iberia parish by the grand jury against Barney Thompson, on the 15th of May, 1880, charging him with murder, be quashed and avoided, and the verdict of the jury and sentence of the court appealed from be set aside, avoided, and reversed.

It is further ordered that said Barney Thompson be detained in custody to await a new indictment and trial thereunder.